**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

JOSEPH M. WILLARD
ADC # 127631                                                                                              PLAINTIFF


V.                                        2:08CV00024 WRW/HDY


RAY HOBBS, Chief Deputy Director, Arkansas
Department of Correction; EDDIE SENSAT, Administrator
of Religious Services, Arkansas Department of Correction;
RANDY WATSON, Asst. Warden, East Arkansas
Regional Unit, Arkansas Department of Correction;
DENNIS WILSON, Chaplain, East Arkansas Regional
Unit, Arkansas Department of Correction; and GREG
HARMON, Warden, East Arkansas Regional Unit,
Arkansas Department of Correction                                                  DEFENDANTS


**<u>ORDER</u>**

Pending before the Court, among other issues, is the continuing controversy over the taking

of the deposition testimony of Shannon Hovis, who has been variously identified as Plaintiff's

"spiritual advisor" and "paralegal."  This deposition occurred on December 11, 2008.  Plaintiff had

filed a Motion for Protective Order (docket entry #52) that was docketed that same day, challenging

the validity of the service of notice of the deposition on Ms. Horvis.  The day after her deposition,

Mrs. Horvis filed an "Emergency Motion to Quash Subpoena" (docket entry #53) on the grounds that

it was procedurally defective, but these were denied as moot once it became apparent that Mrs.

Horvis had already participated in the deposition and produced the requested documents.[1]

Plaintiff next filed a document captioned "Motion to Impound and Suppress" (docket entry #58), which the Court construed as part of his continuing request for a protective order pursuant to Federal Civil Procedure Rule 26(c).  He asked that "all recordings and transcripts" of the deposition be "immediately confiscated and impounded," presumably by the Court, until a hearing on Plaintiff's proposed "Motion to Suppress" could be held.  This Motion was followed by Plaintiff's objections (docket entry #62) to the manner in which his "Motion to Impound and Suppress" was docketed.

The Defendants responded (docket entry #63), arguing that Plaintiff's objections to the notice and form of the deposition were untimely and any distress caused to Mrs. Hovis was the result of her own actions, not the questioning of the attorney.  This response was accompanied by selected excerpts of Mrs. Hovis's testimony and some fairly graphic photographic exhibits and correspondence between Mrs. Hovis and Plaintiff.  These exhibits have since been removed as an exhibit from the electronic filing of the document and filed under seal (docket entry #76).

Plaintiff now seeks also to "strike" the Defendants' Response, arguing that the use of transcripts of their recorded telephone conversations at the prison violates the attorney-client privilege because he is representing himself and she is his paralegal.  He also argues that the confiscation (and use against him) of his mail and recorded telephone conversations at the prison violates his "right to privacy."

---

[1]

 Plaintiff has argued that the "prison mailbox rule," *Sulik v. Taney Co., Mo.*, 316 F. 3d  813, 815 (8th Cir. 2003) applies so that the motion is deemed filed on date of mailing, December 8th.  As a practical matter, however, the Court did not become aware of the Motion for a Protective Order until it was received by the Clerk of the Court on December 11th, which was the day of the deposition, and the deposition did take place.

Plaintiff's request to "impound and suppress" will be DENIED.  As a preliminary matter, this deposition testimony is not at present being "used against him," as discussed in Rule 32 of the Federal Rules of Civil Procedure.  It may come to pass that Mrs. Hovis's testimony from that day is not admissible, if she testifies at a hearing and there is no need to impeach that testimony.[2]  In the alternative, Plaintiff might choose to ask for it to be excluded at trial in a motion *in limine*.  In the meantime, however, the issue of whether the deposition's use at trial should be limited on the basis of short notice under Rule 32(a)(5) is premature and need not be decided now.

Plaintiff's Motion to Strike (docket entry #70) is also DENIED, because he has no attorney-client privilege to assert over his communications with Mrs. Hovis, who he claims is his paralegal as well as the spiritual adviser he seeks to have visit him at the prison.[3]  While the attorney-client privilege may be extended to the attorney's intermediaries, including his or her assistants, the privilege first requires the presence of an attorney, which is lacking here.  81 Am. Jur. 2d *Witnesses* § 400 (2008).

---

[2]  Out-of-court statements offered into evidence at trial to prove the truth of the matter asserted are generally deemed inadmissible under the Rules of Evidence. However, an exception exists where the deponent is unavailable ("by process or other reasonable means," *U.S. v. Johnson*, 108 F.3d 919, 922 (8th Cir.1997)(quoting FED.R.EVID. 804(a)(5))). Where unavailability is established, and the opponent has been afforded his right to confront and cross-examine; deposition testimony may be admitted.

[3]  The Arkansas Rules of Professional Conduct regarding nonlawyer assistants, of which Mrs. Hovis would be as a "paralegal," suggest that a paralegal may function under the control and direction of a licensed attorney, rather than independently, as she appears to be doing.  The National Federation of Paralegal Associations defines a paralegal as a "person qualified through education, training or work experience to perform substantive legal work that requires knowledge of legal concepts and is customarily, but not exclusively, performed by a lawyer. This person may be retained or employed by a lawyer, law office, governmental agency or other entity or may be authorized by administrative, statutory or court authority to perform this work."

Plaintiff also filed, simultaneously with his Motion to Strike, a Motion for Extension of Time to reply to Defendants' Response to Plaintiff's addendum, docket entry number 63.  Plaintiff's Motion to Strike has been addressed as his reply to docket entry number 63 (which was not docketed as a motion and did not require a response), the offending exhibits with their embarrassing attachments have been sealed by the Court (docket entry #76), and no further action is necessary on anyone's part.  Therefore, Plaintiff's Motion for an Extension of Time  (docket entry #71) in which to respond to docket entry number 63 is DENIED AS MOOT, as he has replied, even though no reply was necessary.  For the same reason, Plaintiff's Motion for Sanctions (docket entry #74) is also DENIED.  Plaintiff has argued that the Defendants' failure to mail their Response to Plaintiff's Addendum, docket entry number 63, until January 5, 2009, when the certificate of service claimed it was mailed on January 2nd, was "deliberate falsification"done with the intent of depriving him of adequate time to reply to their response.  Again, Plaintiff has made a more than adequate reply, and has not been prejudiced by the Defendants' error; therefore, sanctions are not warranted.

Defendants have requested a continuance of the previously scheduled evidentiary hearing date, on the grounds that they will not be able to complete discovery in the allotted time (docket entry #66).  Plaintiff has objected, noting that he anticipates release from the Arkansas Department of Correction in October and his requests for injunctive relief would then be moot.  This case is currently set for hearing on February 18, 2009, and the court requires that dispositive motions, such as motions for summary judgment, be filed at least forty-five days prior to the hearing.  That time has clearly passed, yet both sides are still conducting discovery – which the Court encourages, especially in this case, as it will clearly help frame the issues.  Then, if the parties submit motions for summary judgment, each side will have the opportunity to respond, then the Court will require

an adequate amount of time in which to review the arguments and rule on the issues, if this is possible prior to the hearing.  Moreover, the Court does not anticipate the hearing will be delayed so long as to exceed Plaintiff's release date.  Therefore, the request will be GRANTED, and the Clerk of the Court shall set a new date for the hearing by separate Order.  Discovery should be completed no later than thirty days before the hearing date, and dispositive motions must be filed no later than forty-five days before the scheduled hearing date.   The Clerk of the Court is directed to include these dates in the scheduling order, and set a date as soon as possible within these time frames.  No further extensions or enlargements of time will be granted, and no further motions regarding discovery conflicts will be entertained after these deadlines.

Lastly, Plaintiff has renewed his request for leave to serve additional interrogatories (docket entry #78), this time providing a copy of the fourteen interrogatories that he submitted to both Defendants Hobbs and Harmon.  Defendants' counsel declined to respond, noting that Defendant Harmon had already answered thirty-three interrogatories and Defendant Hobbs thirteen, and now they would respond only to twelve more directed only to Defendant Hobbs.  Most of Plaintiff's proposed additional interrogatories can reasonably be answered on behalf of either or both of the named Defendants, and will be permitted in light of Plaintiff's *pro se* status.

However, several of the queries (numbers 3 and 4) concern personnel matters of Arkansas Department of Correction employees who are not parties to this action, and this type of information is not discoverable by Plaintiff.  Interrogatory No. 8, which seeks a list of all legal materials (even including paper and envelopes) provided to Plaintiff between November 2006 and the present, is information that should be in Plaintiff's own possession, and much more readily accessible to him

than the Defendants.[4]    The Defendants may have other objections to raise to the remaining interrogatories as well.  Accordingly, Plaintiff's request is  GRANTED in part, as to interrogatories 1-2, 5-7, and 9-14, and the Defendants are directed to respond or permitted to object per the Federal Rules of Civil Procedure.

IT IS THEREFORE ORDERED that:

1.   Plaintiff's Motion to Strike (docket entry #70) is DENIED;

2.   Plaintiff's Motion for Extension of Time (docket entry #71) is DENIED as moot;

3.   Plaintiff's Motion for Sanctions (docket entry #74) is DENIED;

4.   Plaintiff's Motion for Leave to Serve Additional Interrogatories (docket entry #78) is GRANTED in part; and

5.   Defendants' Motion for a Continuance of the Evidentiary Hearing Date is GRANTED, and a new hearing date will be scheduled by separate Order.

IT IS SO ORDERED this   26   day of January, 2009.

_____

UNITED STATES MAGISTRATE JUDGE

---

[4]

 Discovery that "can be obtained from some other source that is more convenient, less burdensome, or less expensive" *must* be limited by the Court, either on the motion of the parties or *sua sponte*. FED. CIV. P. RULE 26(b)(2)(C)(i).  As Plaintiff has been told before, the discovery process is designed for the parties to seek information that they do not already possess.